UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL GABRIEL, Plaintiff | ) | |
| | ) | C.A. No. 07-0286/ML |
| v. | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant | ) | |

**ANSWER AND COUNTERCLAIM**

Defendant Life Insurance Company of North America ("LINA")[1] responds to the allegations of the complaint as follows:

FIRST DEFENSE

1. Answering the allegations of paragraph 1, alleges that: plaintiff Cheryl Gabriel is a participant in a group long term disability plan ("LTD Plan") and life insurance plan ("Life Plan") sponsored by her employer, formerly Tele Communications, Inc. and now AT&T Broadband; that the LTD Plan is funded by group LTD policy no. LK-6157 ("LTD Policy") and that the Life Plan is funded by group life insurance policy no. VTL-3629 issued by LINA ("Life Policy"); except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

2. Paragraph 2 states conclusions of law for which no response is required. To the extent the Court may otherwise construe this paragraph, it is denied.

3. Answering the allegations of paragraph 3, alleges that LINA acted as administrator of the LTD and Life Plans; that benefits under the LTD Plan were funded by the LTD Policy; and that the Life Plan provides for a waiver of premiums if the insured becomes

[1] The parties have stipulated that defendant CIGNA Group Insurance Company may be dismissed without prejudice.

totally disabled before age 60; except as so alleged, denies the remaining allegations of that paragraph.

4. Answering the allegations of paragraph 4, alleges that plaintiff Cheryl Gabriel is a participant in the LTD and Life Plans sponsored by her employer, formerly Tele Communications, Inc. and now AT&T Broadband, and funded by the LTD and Life Policies; except as so alleged, lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of that paragraph.

5. Answering the allegations of paragraph 5, alleges that LINA determined that plaintiff was disabled under the terms of the Plan for the period September 19, 1995 through January 8, 1998; except as so alleged, denies the remaining allegations of that paragraph.

6. Answering the allegations of paragraph 6, alleges that LINA determined that plaintiff was disabled under the terms of the Plan for the period September 19, 1995 through January 8, 1998; except as so alleged, denies the remaining allegations of that paragraph.

7. Answering the allegations of paragraph 7, alleges that plaintiff filed a claim for and was awarded LTD benefits under the LTD Plan for the period September 19, 1995 through January 8, 1998 and that the Life Plan provides for a waiver of premiums if the insured becomes totally disabled before age 60; except as so alleged, denies the remaining allegations of that paragraph.

8. Answering the allegations of paragraph 8, alleges that plaintiff was awarded LTD benefits under the LTD Plan for the period September 19, 1995 through January 8, 1998 and that by letter dated January 6, 1998, LINA informed plaintiff that it was terminating her LTD benefits because it determined that she was no longer disabled under the terms of the Plan; except as so alleged, denies the remaining allegations of that paragraph.

9. Answering the allegations of paragraph 9, alleges that plaintiff appealed LINA's decision to terminate benefits by letter dated February 5, 1998; that by letter dated July 23, 1998 LINA affirmed its decision to terminate benefits; that by letter dated March 20, 2002, plaintiff submitted additional medical information in support of her appeal; and that by letter dated June 6, 2002 LINA issued a final denial of plaintiff's claim; except as so alleged, denies the remaining allegations of that paragraph.

10. Denies the allegations of paragraph 10.

SECOND DEFENSE

11. Plaintiff fails to state a claim upon which relief may be granted.

THIRD DEFENSE

12. Plaintiff has failed to exhaust administrative remedies available under the Plan.

FOURTH DEFENSE

13. Plaintiff's remedies are limited solely to those afforded by ERISA.

FIFTH DEFENSE

14. Plaintiff's claims are barred because defendant discharged its duties in the interest of Plan participants and beneficiaries and, in doing so, acted in accordance with ERISA and the documents and instruments governing the Plan.

SIXTH DEFENSE

15. Plaintiff's claims are barred because the actions of defendant were not arbitrary, capricious, unreasonable or made in bad faith.

SEVENTH DEFENSE

16. Plaintiff's claim is barred by her failure to satisfy all terms and conditions of the LTD Plan for an award of LTD benefits.

EIGHTH DEFENSE

17. Plaintiff's claim is barred by her failure to satisfy all terms and conditions of the Life Plan for a waiver of premiums.

NINTH DEFENSE

18. The decisions of defendant with respect to plaintiff's claims are entitled to deferential review.

TENTH DEFENSE

19. Under the terms of the Plan, defendant is entitled to an offset based on any social security, workers' compensation or other income or benefits paid to plaintiff on account of disability.

ELEVENTH DEFENSE

20. The LTD Plan's limitations period bars plaintiff's claim.

**COUNTERCLAIM**

**COUNT I**

1. Plaintiff was, at all material times, a participant in the LTD Plan.

2. LTD benefits under the LTD Plan were, at all material times, insured under the LTD Policy, issued by LINA.

3. LINA, at all relevant times, served as the plan administrator and insurer of the LTD Plan.

4. The LTD Policy defines the LTD benefit in plaintiff's case as "the Gross Disability Benefit Minus Other Income Benefits and the Calculation for Optimum Ability." "Other Income Benefits" is defined to include: "any amounts received . . . by the Employee or his or her dependents under . . . any workers' compensation, occupational disease,

unemployment compensation law or similar state or federal law payable for Injury or Sickness arising out of work with the Employer."

5. The Policy further provides, in part:

> Recovery of Overpayment
>
> The Insurance Company has the right to recover any benefits it has overpaid.

6. LINA paid LTD benefits of $2,222.00 monthly to plaintiff for the period of September 19, 1995 through January 8, 1998 pursuant to the terms of the LTD Policy and LTD Plan.

7. Plaintiff, on or about April 13, 1995, was awarded workers' compensation benefits in the amount of $1,320.00 paid biweekly.

8. As a result of the award of workers' compensation benefits, plaintiff received an overpayment of LTD benefits from LINA under the LTD Plan in an amount of approximately $35,000.

9. LINA, by letter dated April 5, 2002, advised plaintiff that her receipt of workers' compensation benefits resulted in an overpayment of LTD benefits under the LTD Plan.

10. LINA has demanded that plaintiff refund the LTD overpayment.

11. Plaintiff has since refused to pay amounts due and payable to LINA under the terms of the LTD Plan.

WHEREFORE, defendant Life Insurance Company of North America demands:

a. Judgment dismissing plaintiff's complaint;

b. Temporary and preliminary injunctive relief barring plaintiff from transferring, spending, alienating, pledging or hypothecating any funds in her possession received or derived from LTD benefits under the LTD Plan in the past, present or future.

c. Judgment against plaintiff for the full amount of the LTD overpayment balance plus interest, costs and attorney's fees.

d. Such further relief as the Court may deem appropriate.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, No. 3585
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Defendant Life Insurance
Company of North America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: September 28, 2007

CERTIFICATE OF SERVICE

To:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903

I hereby certify that I electronically filed this Answer and Counterclaim on September 28, 2007. The Answer and Counterclaim is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian