UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CHERYL GABRIEL, Plaintiff | ) | |
| v. | ) | C.A. No. 07-0286/ML |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant | ) | |

**DEFENDANT'S PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's notice of November 9, 2007, defendant submits the following pretrial conference statement with respect to its counterclaim for overpayment of long term disability benefits:

## I. Facts

Plaintiff Cheryl Gabriel was, at all relevant times, a participant in an employee welfare benefit plan (the "Plan") sponsored and maintained by TCI Communications, Inc. Disability benefits under the Plan are funded by a group long term disability ("LTD") insurance policy underwritten by defendant Life Insurance Company of North America ("LINA"). Ms. Gabriel reported that on April 21, 1995 she experienced exacerbation of lower back pain while moving a cabinet at work. On August 11, 1995 she filed a claim for LTD benefits. On September 19, 1995, Ms. Gabriel was awarded LTD benefits.

Under the terms of the Plan, a participant is disabled if he or she is unable to perform the material duties of his or her regular occupation. After benefits have been payable for 24 months, a participant is disabled if he or she is "unable to perform the

material and substantial duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience."

In March, 1997 LINA informed Ms. Gabriel that her claim was approaching the 24-month point and that LINA would be evaluating her continuing eligibility under the "any occupation" definition of disability. By letter dated January 6, 1998, LINA terminated Ms. Gabriel's LTD benefits because she did not meet the "any occupation" definition of disability in the Plan. Ms Gabriel appealed that decision in February, 1998. LINA ultimately denied Ms. Gabriel's appeal in a July 23, 1998 letter because the medical evidence did not support restrictions and limitations that would prevent her from performing sedentary work.

On or about August 3, 2007, Ms. Gabriel commenced this suit for LTD benefits. LINA has since filed a counterclaim for recovery of an overpayment of LTD benefits to Ms. Gabriel due to her receipt of workers' compensation benefits while she was receiving LTD benefits from LINA.

**II. Counterclaim for Overpayment of LTD Benefits**

The Plan defines the LTD benefit in plaintiff's case as "the Gross Disability Benefit Minus Other Income Benefits and the Calculation for Optimum Ability." "Other Income Benefits" is defined to include:

> . . . any workers compensation, occupational disease, unemployment compensation law or similar state or federal law payable for Injury or Sickness arising out of work with the Employer, including all permanent and temporary disability benefits. . .

The Plan further provides that LINA has the right to recover any overpayments due to a participant's receipt of Other Income Benefits.

On or about April 13, 1995, Ms. Gabriel was awarded workers' compensation benefits in the amount of $1,320.00 paid biweekly. As a result of the award of workers' compensation benefits, plaintiff received an overpayment of LTD benefits from LINA under the LTD Plan in an amount of approximately $35,000.[1] LINA, by letter dated April 5, 2002, advised plaintiff that her receipt of workers' compensation benefits resulted in an overpayment of LTD benefits under the LTD Plan. LINA has demanded that Ms. Gabriel refund the LTD overpayment. Ms. Gabriel has refused to pay amounts due and payable to LINA under the terms of the Plan.

**III. Legal Issues**

1. Whether LINA is entitled to recover the overpayment of LTD benefits from Ms. Gabriel.

/s/ Catherine A. Shaghalian
Brooks R. Magratten, No. 3585
Catherine A. Shaghalian, No. 6883
VETTER & WHITE
Attorneys for Defendant Life Insurance Company of North America
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com

Dated: December 6, 2007

[1] At this time LINA does not know the total amount of the overpayment because it does not have Ms. Gabriel's workers compensation award information. Ms. Gabriel's counsel has agreed to provide this information to LINA once his client has located it.

CERTIFICATE OF SERVICE

To:

Anthony J. Gianfrancesco, Esq.
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street
Providence, RI 02903

I hereby certify that I electronically filed this Pretrial Conference Statement on December 6, 2007. The Pretrial Conference Statement is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Catherine A. Shaghalian