THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CHERYL GABRIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 07-0286/ML |
| v. | ) |
| | ) |
| LIFE INSURANCE COMPANY | ) **STIPULATED CONFIDENTIALITY** |
| OF NORTH AMERICA | ) **AGREEMENT AND PROPOSED** |
| Defendant. | ) **PROTECTIVE ORDER** |
| | ) |

Pursuant to Fed. R. Civ. R. 26(c), the parties hereby agree to the terms set forth in this Confidentiality Agreement ("Agreement") and agree that the Court may enter a Stipulated Protective Order ("Order") based on the terms of this Agreement to facilitate the prompt exchange of all relevant, non-privileged discovery materials:

1. Need for Confidentiality. The parties hereto, Plaintiff Cheryl Gabriel and Defendant Life Insurance Company of North America, claim to possess information and documents of a private, confidential, trade secret and/or proprietary nature which the Parties agree are entitled to protection from public disclosure.

2. Purpose of Confidentiality Agreement and Protective Order. The purpose of this Agreement is to regulate the disclosure and use of private confidential, trade secret and/or proprietary information obtained during this proceeding. Even in the absence of a Court Order based on the terms of this Agreement, the parties agree not to disclose Confidential Information, as defined in Paragraph 3, and to treat Confidential Information as set forth herein.

3. Confidential Information. A party or non-party may designate as "Confidential" any material produced in discovery to any other party in this proceeding. "Confidential" information is non-public information that could have an adverse effect on the privacy, business

or property of the producing party if it were generally disclosed to its customers, competitors, or to the public.

A. Designation of Confidential Information. At the time of production or other disclosure, the producing party shall mark Confidential information with the legend: "CONFIDENTIAL." In the event that a party obtains confidential information from a non-party, a party's designation of materials produced by non-parties must be made within seven (7) days of a party's receipt of those materials. Until the expiration of the 7-day period or the actual designation of non-party discovery material, all such materials shall be treated as Confidential. All disputes regarding "Confidential" designations will be resolved by the Court if the parties are unable to resolve such disputes among themselves.

B. Persons to Whom Confidential Information May Be Disclosed. "Confidential" information shall not be disclosed to persons other than parties and counsel of record for this proceeding (Case No. 07-0286/ML), such counsel's employees or support contractors, and expert witnesses who need access to such information in order to prosecute or defend this case.

C. Disclosure of Confidential Information to Persons Other Than Those Permitted by This Order and Agreement.

A party can disclose "Confidential" information to a person other than someone expressly permitted by this Order and Agreement to view such information by obtaining a written waiver of the protections of this Agreement from the party or non-party that made the Confidential designation. Under *no* circumstances is a party or non-party permitted to make a disclosure of Confidential information outside the scope permitted by this Agreement until it has received a waiver and/or an Agreement as referenced above.

D. Ensuring Compliance With the Agreement. Before counsel discloses "Confidential" information to anyone other than parties, counsel, legal assistants or clerical personnel employed by counsel, such counsel shall require each person to whom the disclosure is made to read a copy of this Agreement and agree not to disclose or use any "Confidential" information except as provided by the terms of this Agreement. All parties and their counsel will take reasonable steps to prevent the disclosure or use of "Confidential" information in violation of this Agreement. If "Confidential" information is disclosed inadvertently to any person other than in the manner authorized by this Agreement, the party responsible for such disclosure shall immediately inform the producing party of all facts relating to such disclosure.

4. All documents or other information produced during discovery and designated as "Confidential" shall be used solely for the preparation for and trial of this case (Case No. 07-0286/ML) including all appeals. This includes, but is not limited to any summaries or digests of deposition testimony or other discovery materials regarding "Confidential" information.

5. Depositions. The following procedures shall apply to the taking, transcribing, and copying of depositions, in addition to any other relevant provisions of this Agreement.

A. Examination Regarding Confidential Information. A deponent may be shown and examined about "Confidential" information if the deponent agrees to be bound by the terms of this Agreement.

B. Persons Attending Depositions. Depositions may be attended by counsel of record, by party representatives and experts retained by the parties. All individuals attending depositions must agree to be bound with the terms of this Order and Agreement.

C. Designation of Deposition Testimony and Exhibits. Counsel for any deponent or party may designate deposition testimony or exhibits as "Confidential" by indicating

on the record that the testimony of the deponent or any exhibits are to be treated as "Confidential." Reasonable attempts should be made to designate only that portion of the testimony that qualifies for "Confidential" treatment under the criteria established here. Failure to designate testimony or exhibits as "Confidential" at the deposition shall not constitute a waiver of the right to make a confidential designation.

Upon receipt of the deposition transcript, counsel may designate specific pages and lines of the transcript or exhibits as "Confidential," in addition to any designations made during the deposition. Failure to make such designations within ten (10) days of receipt of the transcript shall constitute a waiver of the right to so designate. Until counsel designates the transcript or exhibits as "Confidential," any other party shall be entitled to treat the non-designated portions of the transcript or exhibits as non-confidential material unless counsel for the producing party indicates an intent to make such designations.

D. Transcription and Designation of Transcripts. When material disclosed during a deposition is designated as "Confidential" at the time testimony is given, the reporter shall separately transcribe those designated portions of the testimony and shall mark the face of the transcript in accordance with Paragraph 3(A) above (and indicate that portions of the deposition have been transcribed separately). If a deposition transcript or exhibit contains repeated references to "Confidential" information which cannot conveniently be segregated from non-designated material, any party may request that the entire transcript or exhibit be handled as "Confidential."

6. Scope of Order and Agreement. This Agreement shall not apply to any information which:

(a) now or later falls within the public domain or otherwise generally becomes known to the public through no act of a receiving party;

(b) is disclosed to a party by a third-party, subject to the designation provisions of Paragraph 3(A) above;

(c) is already known to a party or otherwise becomes known to a party other than as a result of information provided by a producing party;

(d) is publicly disclosed by a producing party.

7. Non-Waiver of Other Objections or Opposition. This Agreement does not preclude any party from opposing discovery requests on grounds other than that the requested information is "confidential," "proprietary," "competitively sensitive," or constitutes a "trade secret."

8. Use by Producing Party. This Agreement shall not be construed to restrict the right of the producing party to use its own discovery materials in any manner it deems appropriate. Such use by the producing party or its counsel shall not be deemed a waiver of the right to insist on compliance with this Agreement by the party requesting such documents. However, if the producing party makes public any information that it has previously designated "Confidential," then it may no longer compel the parties who received such information to afford it "Confidential" treatment.

9. Filings With the Court. All documents or other information designated as "Confidential" contained in any submission to the Court shall 1) have any personal or other identifying information redacted, including the last or given name in any personnel record of any

individual employee and the name and logo for "Life Insurance Company of North America" or "CIGNA;" or, 2) be filed under seal pursuant to the Federal Rules of Civil Procedure and any Local Rules of procedure.

10. Non-Waiver of Confidentiality. If any "Confidential" information is inadvertently provided to a discovering party without being marked as "Confidential" in accordance with Paragraph 3 of this Agreement, the failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as "Confidential" by the producing party, however, the discovering party shall be entitled to treat the material as undesignated. When the material is designated as "Confidential," the discovering party shall take reasonable steps to ensure that the material is marked as "Confidential" information or returned to the producing party for appropriate designation pursuant to Paragraph 3 of this Order. The cost, if any, for gathering and/or marking this material as "Confidential" shall be borne by the producing party.

11. Return or Destruction of Confidential Material. Within thirty (30) days after the conclusion of this proceeding and all appeals, discovering counsel shall, at its option, return or destroy all material designated as "Confidential," including all copies thereof. Attorney work-product generated in connection with this proceeding that contains "Confidential" information shall be either destroyed or maintained as confidential in counsel's office. Counsel shall certify in writing that he or she has returned or destroyed "Confidential" information and taken all reasonable steps to ensure compliance with this Paragraph by both his/her partners, staff, employees and contractors as well as by counsel's clients and expert witnesses.

12. Duration. The terms of this Agreement shall survive and remain in full force and effect after the termination of this proceeding.

13. Effective Date. As among the parties hereto, this Agreement shall take effect upon execution by the parties. The terms of this Agreement shall become an Order of the Court upon approved by the Court.

SO ORDERED:

______________________________
Clerk

ENTER:

______________________________
Lisi, J.

Dated: February _____, 2008

THE PARTIES CONSENT TO THE ENTRY OF THIS ORDER:

/s/ Anthony J. Gianfrancesco
Anthony J. Gianfrancesco, Esq. #2762
Baluch Gianfrancesco Mathieu & Alger
155 South Main Street, Suite 101
Providence, RI 02903
(401) 331-1434
Fax: (401) 351-9653
a.gianfrancesco@bgmalaw.com

/s/ Brooks R. Magratten
Brooks R. Magratten, Esq. #3585
Catherine Shaghalian, Esq. # 6883
VETTER & WHITE
20 Washington Place
Providence, RI 02903
(401) 421-3060
Fax: (401) 272-6803
bmagratten@vetterandwhite.com
cshaghalian@vetterandwhite.com